UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LEE OTIS JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. L-05-14 |
| | § | |
| GEORGE HEAD, *et al*, | § | |
| | § | |
| Respondent. | § | |

## OPINION & ORDER

Pending before the Court is Petitioner Lee Otis Johnson's Motion for Writ of Habeas Corpus. [Dkt. No. 1]. Also pending before the Court is Respondent George Head's Amicus Curiae Advisory to the Court, or in the Alternative, Motion to Dismiss as Moot. [Dkt. No. 3].

### I.   Procedural Background

Petitioner was sentenced pursuant to a plea agreement on October 15, 2004. Final judgment was entered on October 20, 2004. On January 12, 2005, Petitioner filed a Motion for Writ of Habeas Corpus and Memorandum in Support of Motion for Writ of Habeas Corpus with the Court. [Dkt. Nos. 1, 2]. On April 18, 2006, Respondent filed his Amicus Curiae Advisory to the Court, or in the Alternative, Motion to Dismiss as Moot. [Dkt. No. 3]. Upon due consideration of the pleadings, the records and the relevant case law, the Court recharacterizes Petitioner's Motion for Writ of Habeas Corpus as an attack on his conditions of confinement pursuant to 42 U.S.C. § 1983 (2000) and DISMISSES IN PART Petitioner's cause of action.

## II. Discussion

### A. Petitioner's Claim is Properly Analyzed under 42 U.S.C. § 1983

Petitioner has failed to raise claims which may be appropriately addressed through habeas relief. A petition for writ of habeas corpus attacks the fact or time of custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner attacks the conditions of punishment, not the fact of punishment. Such attacks are properly analyzed under 42 U.S.C. § 1983. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

The Court is free to re-characterize a petitioner's writ of habeas corpus as a § 1983 attack on the conditions of confinement if a favorable determination would not automatically entitle petitioner to accelerated release. *Id*. (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam), *cert. denied*, 516 U.S. 1059 (1996)). Petitioner complains that he is being held in a manner that constitutes cruel and unusual punishment. He further alleges that he is being denied his constitutional right of access to the courts. These are challenges to Petitioner's conditions of confinement. A favorable determination of these claims would not automatically entitle Petitioner to accelerated release. Therefore, the Court will consider Petitioner's Motion for Writ of Habeas Corpus as a civil complaint seeking relief under § 1983.

Pursuant to the Prison Litigation Reform Act, the Court reviews this complaint for frivolousness. "[For any] complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a governmental entity . . . the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A (2000). Petitioner has filed a civil action seeking injunctive relief from the Court. Accordingly, the Court reviews Petitioner's complaint for frivolity.

**B.**     <u>**Constitutional Right of Access to the Courts**</u>

Petitioner has raised several claims asserting that his constitutional right of access to the courts has been violated because the law library at the Karnes City Correctional Center where the Petitioner is being held is deficient. Prisoners have a right of access to the courts protected by the First Amendment. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right has been interpreted to require prison authorities to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828. Petitioner's claims asserting his constitutional right of access to the courts fall into three categories. First, he argues that the law library contains too much information on immigration issues. Second, he argues that the law library does not have enough information on prisoner's rights issues. Finally, he claims that the law library's computer access is insufficient.

The majority of Petitioner's right-of-access claims are frivolous. A complaint is frivolous if it "lacks an arguable basis in fact or if it is based on an indisputably meritless legal theory." *Bradden v. Adams*, 2006 WL 993724, 1 (5th Cir. 2006) (*citing Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). " 'A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless.' " *Berry*, 192 F.3d at 507 (*quoting Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)). The fact that the law library at the Karnes City Correctional Center contains a lot of immigration material does not prove that Petitioner is unable to challenge his claims or conditions of confinement because the library could have both an extensive collection of immigration materials and adequate holdings on other subjects. Also, the fact that there is only one computer for over six hundred inmates to use for lexis searches does not prove that

Petitioner is unable to challenge his claims or conditions of confinement. One computer may be more than adequate for the research needs of 600 prisoners. Finally, Petitioner's claim that his right of access to the courts is impaired because the library does not possess a copy of "49 Code of Federal Regulation [sic]" is frivolous because volume 49 of the Code of Federal Regulations deals with transportation and not prisoner's rights. Even if additional facts were alleged, these arguments are factually meritless and therefore frivolous. Accordingly, the Court DISMISSES these claims

Petitioner has only raised one potentially meritorious claim. Petitioner claims that the library has "limited information on inmate rights." A law library is inadequate if prisoners are unable "to attack their sentences, directly or collaterally, and . . . to challenge the conditions of their confinement." *Lewis v. Casey*, 518 U.S. 343, 350 (1995). If Petitioner can prove that his right of access to the courts is limited because the library does not contain sufficient information to pursue challenges to his conditions of confinement, then he is entitled to relief. Petitioner is entitled an opportunity to present additional facts in support of his claim. Petitioner must allege that he has been injured because the library resources are insufficient. *Lewis v. Casey*, 518 U.S. at 351. If Petitioner is incapable of alleging that his ability to challenge his sentence or conditions of confinement after being given the opportunity to allege additional facts, his complaint will be dismissed as frivolous.

C.  **Cruel and Unusual Punishment**

Petitioner also argues that he is being held in a manner which constitutes cruel and unusual punishment. Particularly, Petitioner claims that the non-Hispanic inmates are "subject [sic] to various abuse and threats of harm constantly and daily." The treatment of a prisoner and the conditions under which he is confined are subject to the requirements arising from the Eighth

Amendment.  *Gates v. Cook*, 376 F.3d 323, 332 (5th Cir. 2004) (*citing Helling v. McKinney*, 509 U.S. 25, 31 (1993)).  A prison official has violated the Eighth Amendment when he "1) shows a subjective deliberate indifference to 2) conditions posing a substantial risk of serious harm to the inmate."  *Id*. at 333 (*citing Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)).  In particular, prison officials "must ensure that inmates receive adequate food, clothing shelter and medical care."  *Id*. at 332 (*citing Farmer v. Brennan*, 511 U.S. at 832).  Furthermore, prison officials must "ensure the safety of the inmates."  *Id*. (*citing Farmer v. Brennan*, 511 U.S. at 832).

The majority of Petitioner's claims lack an arguable basis of fact.  As previously noted, " 'a complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless.' "  *Berry*, 192 F.3d at 507 (*quoting Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)).  The Eighth Amendment is only violated if conditions pose a "*substantial* risk of *serious* harm."  *Gates*, 376 F.3d at 333 (*citing Farmer v. Brennan*, 511 U.S. at 833-34 (1994)) (emphasis added).  Several off Petitioner's claims lack an arguable basis in fact because they allege conditions that do not pose a substantial risk of serious harm.

Petitioner alleges that certain non-Hispanic inmates are "made to go days without watching an English speaking program on television."  Petitioner alleges that non-Hispanic inmates are forced to be "maids to the Hispanic population;" are "forced to surrender their commissary to Hispanic inmates;" are denied the opportunity to have a separate English-speaking ward; and that many non-Hispanic inmates are serving sentences under forty months and that they have a right not to be housed with "INS serving twenty years or greater sentences."  Petitioner also claims that "[i]nmates are given one roll of toilet paper weekly;" that inmates with money are forced to purchase their own hygiene products; and that inmates with special diets are

not offered alternative meats or meat substitutes.  Finally, Petitioner claims that the commissary is over-priced.

These allegations are not actionable no matter what facts are alleged in their support. Even if true, the conditions alleged in Petitioner's claims do not pose a "substantial risk of serious harm" to Petitioner.  *Id*. (*citing Farmer v. Brennan*, 511 U.S. at 833-34 (1994)).  These allegations lack an arguable basis of fact.  Therefore, they must be DISMISSED as frivolous.

In addition, the fact that certain inmates "walk around constantly in fear of their life and of personal harm" does not pose a substantial risk of serious harm.  Inmates may fear a substantial risk of serious harm.  However, the fear itself is not a substantial risk of serious harm. Therefore, this allegation must also be DISMISSED as frivolous.

On the other hand, Petitioner's claim that non-Hispanic inmates are subjected to abuse may be a non-frivolous claim if Petitioner can provide information supporting the claim that the ongoing abuse exposes him to a substantial risk of serious harm.  In addition, Petitioner must prove that the prison staff was "deliberately indifferent" to the substantial risk of serious harm faced by the Petitioner.  *Id*. at 333 (*citing Farmer v. Brennan*, 511 U.S. at 833-34).  If the prison staff was administering the abuse, deliberate indifference would be clear.  However, if the prisoners were committing the abuse, Petitioner would have to prove that the prison staff knew about the abuse and were indifferent to it.

Because Petitioner's allegations are broadly drawn to include all non-Hispanic inmates, it should be noted that the Petitioner must personally be at a substantial risk of serious harm.  The Supreme Court has held that an individual prisoner seeking relief from the courts must prove that he suffered an actual injury.  *Lewis v. Casey*, 518 U.S. at 349.  This requirement arises from the

doctrine of standing and the role of the courts as arbiters of actual claims rather than legislators of abstract principle. *Id.*

Petitioner's claim that non-Hispanic inmates are treated cruelly by Hispanic inmates might also be a non-frivolous claim. This claim differs from the previous claim in that Petitioner alleges that he suffered abuse at the hands of the other prisoners. Accordingly, Petitioner must not only prove that he "suffers a substantial risk of serious harm," but he must also prove that the prison staff was "deliberately indifferent" to the substantial risk of serious harm faced by the Petitioner. *Id.* at 333 (*citing Farmer v. Brennan*, 511 U.S. at 833-34). Similarly, Petitioner's claim that non-Hispanic inmates risk being beaten or stabbed by Hispanic inmates if they show any signs of aggression or disrespect may be a non-frivolous claim if Petitioner proves that the risk of being beaten or stabbed is substantial and if he proves that the prison staff were deliberately indifferent to the abuse.

In addition, Petitioner raises a number of claims regarding the sanitation measures currently being implemented by the Karnes City Correctional Center. Filthy cell conditions may constitute a violation of the Eighth Amendment if as a result prisoners are subjected to a serious risk of harm. *See Gates*, 376 F.3d at 338. Petitioner claims that there is only one broom used to clean the "bath and shower areas, common room area, and personal living area, collectively spreading filth." Petitioner claims that blankets are laundered and changed only once every three months. Finally, Petitioner claims that many showers have poor drainage and that inmates are forced to stand in "a pool of filthy water containing the germs of those who showered before him." If Petitioner can prove that these policies expose him to a substantial risk of serious harm, then Petitioner is entitled to relief. Petitioner is entitled to an opportunity to present additional facts in support of his claim. This claim is NOT DISMISSED as frivolous.

Finally, Petitioner claims that when flushed feces from one toilet is pushed into adjacent toilets and that toilets have to be flushed simultaneously to work. Exposure to human waste may constitute cruel and unusual punishment. *Gates*, 376 F.3d at 341. Accordingly, if Petitioner can prove that he was exposed to a substantial risk of serious harm as a result of the conditions of the toilets and that the prison officials were deliberately indifferent to the problem, he will prevail on his Eighth Amendment claim. Accordingly, this claim is not frivolous and is NOT DISMISSED.

**D.     Mootness**

Respondent argues that Petitioner's cause of action should be dismissed as moot. Respondent claims that because Petitioner has been transferred and is no longer incarcerated under the alleged conditions of which he was complaining and he is only seeking injunctive relief, his claim is now moot. Respondent is mistaken. A defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. *Gates*, 376 F.3d at 337 (*citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)). If it did, the defendant would be free to return to his old ways. *Id*. (*citing Friends of the Earth, Inc.*, 528 U.S. at 190). Similarly, Respondent's voluntary transfer of Petitioner does not deprive the federal court of its power to determine the legality of Respondent's practices. For a case to be moot, subsequent events must make it "absolutely clear" that the allegedly wrongful behavior could not "reasonably be expected to recur." *Id*. (*citing Friends of the Earth, Inc.*, 528 U.S. at 190). This is a "heavy burden" that lies with the party asserting mootness. *Id*. (*citing Friends of the Earth, Inc.*, 528 U.S. at 190). Respondent's bare claim that Petitioner has been transferred does nothing to assure the court that wrongful behavior cannot "reasonably be expected to recur." Accordingly, the Court DENIES Respondent's Motion to Dismiss as Moot.

### III.     Conclusion

Petitioner has raised several claims of constitutional violations. Such claims are properly considered as a § 1983 cause of action. Petitioner argues that he was denied access to the courts due to the insufficiency of the law library at the Karnes City Correctional Center. Petitioner also claims that he was subjected to cruel and unusual punishment. Many of these claims are frivolous because they allege facts which do not run afoul of Constitutional strictures. These claims are DISMISSED. However, Petitioner has raised several claims that may implicate the Constitution. Petitioner's non-frivolous claims as detailed above are NOT DISMISSED. Moreover, Respondent's claim that Petitioner's complaint is moot is without merit and the Court DENIES Respondent's Motion to Dismiss as Moot. Regarding Petitioner's non-frivolous claims, Petitioner is ordered to <u>replead these claims within forty-five (45) days, or by June 26, 2006</u> to allege facts sufficient to show that he personally suffered injury as a result of the alleged unconstitutional conditions of confinement. Petitioner must replead these claims to satisfy the actual injury requirement as described in *Lewis v. Casey*, 518 U.S. at 349.

IT IS SO ORDERED.

DONE this 15th day of May, 2006 in Laredo Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE ALREADY BEEN SENT ONE BY THE COURT**